FILED

JAN 1 9 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>WAYNE ENGRAM,<br>　　　　　　　Debtor. | Chapter 7<br>No. 2:05-bk-24758-JMM<br>**MEMORANDUM DECISION** |

  The Debtor, Wayne Engram, filed a voluntary chapter 13 reorganization case on October 14, 2005. The case converted to one under chapter 7 on April 28, 2006, upon the Debtor's request. A Trustee, S. William Manera, was then appointed to administer the Debtor's assets and to liquidate them for the benefit of his creditors.

  Since conversion, the Trustee has inventoried the Debtor's assets, and among things, learned that the Debtor had been involved in a quiet title action in the Arizona Superior Court, concerning certain real property in which the Debtor claimed an interest. The Trustee then, on November 9, 2006, sought permission to hire special counsel to represent the estate's interest in such matter. The court approved the request on November 13, 2006. The Debtor did not object, nor did he claim that such litigation was not property of the estate, nor that it was otherwise excluded from liquidation for the benefit of his creditors.

  Thereafter, special counsel entered into negotiations with the other parties to the litigation, including participation in a court-sponsored settlement conference. With the Debtor being present and participating, a settlement was agreed upon. That agreement was then reduced to writing and signed by the Debtor and by the Trustee. The agreement was signed on November 10, 2006

  The Trustee sought to have the settlement approved by the bankruptcy court. (See Dkt. #40.) As authority for the approval, the Trustee satisfied the Ninth Circuit's standards, as set forth in *In re*

*Woodson*, 839 F.2d 610 (9th Cir. 1987). After appropriate notice, the following parties filed objections: Madelaine Engram, Susie Engram, and the Debtor, Wayne Engram.

As for Madelaine Engram and Susie Engram, they are neither listed as creditors in the Debtor's schedules (See Dkt. #9), nor have they filed claims. (See Clims register.) Thus, they have no legal standing to object to the settlement. *In re Fondiller*, 707 F.2d 441, 445 (9th Cir. 1983). Therefore, their objections will be overruled.

The Debtor also objected, contending that the real property at issue is not property of the estate. However, the litigation is described in the Debtor's Statement of Financial Affairs (see Dkt. #12, question 4a). Nowhere in the Debtor's pleadings has it ever been contended that this property and this litigation is exempt or excluded from the claims of creditors. The Debtor's main thrust, however, appears to be that the settlement amount, $5000, is inadequate.

The record reflects that the Debtor's concerns were considered by the Trustee, whose duty it is to sort out emotion from fiscal reality. This duty is especially necessary when familial litigation is concerned, and the Trustee's responsibilities for expeditiously collect the Debtor's estate is considered. 11 U.S.C. § 704(1). Why the Debtor has had a change of heart, from the settlement he agreed to on November 10, 2006, was not adequately explained. However, what is clear is that the estate has the opportunity to collect money instead of spending it in a long, expensive, and unpredictable legal battle.

This estate is on the verge of being closed, after having been in bankruptcy court for well over one year. The period for filing claims has passed, with only one claim having been filed.[1] The Debtor has received his discharge and the fresh start which the bankruptcy laws provide him. There is no further need to burden this estate with the Debtor's desire to continue with litigation with other family members which can now be settled for enough to pay the filed claim, as well as the administrative expenses caused by the Debtor's voluntary filing for bankruptcy relief.

Accordingly, the Debtor's objection will also be overruled.

---

[1] Arizona Public service, unsecured claim for $449.83.

Finally, the court will not consider at this time the oral motion made by the Debtor to dismiss his case. Such a motion requires notice to all creditors, which has not occurred. See FED. R. BANKR. P. 2002(f). The oral motion therefore will be denied, without prejudice.

A separate order will be entered. FED. R. BANKR. P. 9021.

DATED: December 19, 2007.

/s/ James M. Marlar
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served in the manner indicated below this 19th day of December, 2007, upon:

Wayne Engram
PO Box 13194
Phoenix, AZ 85002                                  U.S. Mail

Adam B. Nach and Allison M. Lauritson
Lane & Nach, P.C.
2025 North Third Street, Suite 157
Phoenix, AZ 85004                                  Email: adam.nach@lane-nach.com
                                                   Email: allison.lauritson@lane-nach.com

Madelaine Engram
PO Box 13194
Phoenix, AZ 85002                                  U.S. Mail

Susie Engram
PO Box 13194
Phoenix, AZ 85002                                  U.S. Mail

Barry Becker
Barry Becker, P.C.
2516 N. Third St.
Phoenix, AZ 85004                                  U.S. Mail

Matthew D. Kleifield
Kunz Plitt Hyland Demlong & Kleifield
3838 N. Central Avenue, Suite 1500
Phoenix, AZ 85012-1902
Judge *Pro Tempore*                                U.S. Mail

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706                             U.S. Mail

By /s/ M. B. Thompson
    Judicial Assistant