FILED

FEB 0 2 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 7
)
WAYNE ENGRAM, ) No. 2:05-bk-24758-JMM
)
) **MEMORANDUM DECISION**
Debtor. )

  The Debtor has asked this court to grant a stay pending appeal.[1] The matter was heard on January 31, 2007. The Debtor represented himself. Other appearances were made by Allison Lauritson, attorney for the chapter 7 Trustee.

  Stays pending appeal are governed by FED. R. BANKR. P. 8005, and are heard, in the first instance, by the bankruptcy court. In the Ninth Circuit, in order to prevail, the party seeking the stay must prove:

  1.  Appellant is likely to succeed on the merits;

  2.  Appellant will suffer irreparable injury;

  3.  No substantial harm will come to appellee; and

  4.  The stay will do no harm to the public interest.

*In re Wymer*, 5 B.R. 802, 806 (9th Cir. BAP 1980).

  In this case, the court must conclude that the appellant, who is the Debtor, is unable to satisfy the first and third elements. The court believes that the appellee, the court-appointed trustee, properly proved that the compromise favored the estate, and was reasonable considering all the unknown elements inherent in pursuing a complicated piece of state court litigation. *In re A & C Properties*, 784 F.2d 1377 (9th

---

[1] The order appealed from approved a compromise, and the order was docketed January 23, 2007. Dkt. #56.)

Cir. 1986); *In re Woodson*, 839 F.2d 610 (9th Cir. 1987). For that reason alone, it appears that the appellant will be unlikely to succeed on the merits of any appeal.

Additionally, to stay and thereby delay the conclusion of the compromised state court litigation in order to allow the Debtor to press claims before the Bankruptcy Appellate Panel which have little merit will only cause increased frustration, as well as unnecessary delay in concluding a settlement which the Debtor himself signed. As the Ninth Circuit has taught, stipulations such as the one signed by the Debtor are binding, promote finality of legal disputes, and are to be enforced. *Crown Life Insurance Co. v. Springpark Associates (Matter of Springpark Associates)*, 623 F.2d 1377, 1380 (9th Cir. 1980).

Thus, concluding that the Debtor's motion for stay pending appeal lacks the required persuasive force, this court must DENY it.

A separate order will be entered. FED. R. BANKR. P. 9021.

DATED: February 2, 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served in the manner indicated below this 2nd day of February, 2007, upon:

| | |
|---|---|
| Wayne Engram<br>PO Box 13194<br>Phoenix, AZ 85002 | U.S. Mail |
| Adam B. Nach and Allison M. Lauritson<br>Lane & Nach, P.C.<br>2025 North Third Street, Suite 157<br>Phoenix, AZ 85004 | Email: adam.nach@lane-nach.com<br>Email: allison.lauritson@lane-nach.com |
| Madelaine Engram<br>PO Box 13194<br>Phoenix, AZ 85002 | U.S. Mail |
| Susie Engram<br>PO Box 13194<br>Phoenix, AZ 85002 | U.S. Mail |
| Barry Becker<br>Barry Becker, P.C.<br>2516 N. Third St.<br>Phoenix, AZ 85004 | U.S. Mail |

| | | |
|---|---|---|
| 1 | Matthew D. Kleifield | |
| 2 | Kunz Plitt Hyland Demlong & Kleifield<br>3838 N. Central Avenue, Suite 1500<br>Phoenix, AZ 85012-1902 | |
| 3 | Judge *Pro Tempore* | U.S. Mail |
| 4 | Office of the United States Trustee<br>230 North First Avenue, Suite 204 | |
| 5 | Phoenix, AZ 85003-1706 | U.S. Mail |

By /s/ M. B. Thompson
    Judicial Assistant

3