FILED

FEB 27 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 7
)
WAYNE ENGRAM, ) No. 2-05-bk-24758-JMM
)
) **MEMORANDUM DECISION**
Debtor. )

The Trustee and the Debtor have entered into a proposed stipulation to dismiss the instant case, and to revoke the Debtor's discharge. For the reasons enumerated below, the request will be DENIED.

## PROCEDURAL FACTS

This case has become, through the pro se Debtor's manipulations, a procedural nightmare. On October 14, 2005, the Debtor filed a voluntary chapter 13 case. Unable to confirm a plan, the Debtor then, on April 28, 2006, voluntarily converted his case to a chapter 7 liquidation.

Once the case was converted to a chapter 7, a new set of professionals became involved, including the Trustee, the Trustee's attorneys, and the Trustee's special counsel. As appropriate for a chapter 7 case, the Debtor received a discharge on August 30, 2006, discharging him of all pre-petition liability and giving the "fresh start" accorded to all honest debtors.

However, lurking in the background, throughout this entire odyssey, has been a lawsuit in the Maricopa County Superior Court between the Debtor and other family members as to ownership and/or other entitlement to a single piece of residential property. That case number is CV2005-013966.

Because the case was in a chapter 7, the Trustee became the real party-in-interest for the Debtor, and he engaged special counsel to pursue the estate's interest. Thereafter, settlement negotiations

occurred in the Superior Court case, and a settlement was reached. The Debtor himself, although not required to, signed the settlement agreement. The Superior Court has now acted on the settlement, entering judgment on February 20, 2007.

That agreement was presented to the bankruptcy court for approval. Although the Debtor has executed the settlement, and even though his legal standing was questionable because the estate was not a surplus estate, the Debtor objected to the settlement at the bankruptcy court hearing.

After a hearing, the court approved the settlement on January 19, 2007, and the Debtor appealed that decision to the Bankruptcy Appellate Panel on January 25, 2007. The Debtor then sought a stay pending appeal, which this court denied on February 2, 2007.

Now, incredibly, after engaging in all of this litigation, expense, time, settlement negotiations, procedural hurdles, and hearings, and having invoked voluntarily two different chapters of the Bankruptcy Code, the Debtor has convinced the Trustee to "settle" this case by agreeing to pay the Trustee $5,000,[1] thereby unleashing the Debtor back upon the other parties to the state court litigation, who, in good faith, participated in the settlement discussions and who--to this point--have relied upon this court's and the Superior Court's orders approving it.

The Debtor is undeserving of this new relief. He has played "fast and loose" with the court system, and has received his discharge. The case is now administratively insolvent. Yet, not now approving of the settlement arrived at by his bankruptcy Trustee, he seeks to once more change the rules and jump-start state court litigation which is finally at rest. The Debtor's actions are not perceived to be in good faith, and this court finds that he--as well as the Trustee--are judicially estopped from unwinding the settlement which they unanimously initially approved, and which was presented to this court, and which this court ruled on. *See In re Hamilton*, 270 F.3d 778 (9th Cir. 2002). Good faith is at the heart of the Bankruptcy Code, as the U.S. Supreme Court noted just last week in *Marrama v. Citizens Bank of Massachusetts*, 127 S.Ct. 1105 (2007).

This court's empathies lie with those other parties to the state court litigation, who have participated in each stage of the protracted state court litigation, and in the bankruptcy sideshow. Those parties have a right to finality in court decisions, and not being subjected to an ever-changing landscape of

---

[1] This is the same amount the Trustee would have received under the settlement.

2

Case 2:05-bk-24758-JMM    Doc 75    Filed 02/27/07    Entered 03/01/07 10:20:55    Desc
Main Document    Page 2 of 4

arbitrary and unseemly litigation tactics.

The court finds that each of the arguments made by the objecting party, Samuel N. Engram, are credible and persuasive.

## CONCLUSION

The Debtor's and the Trustee's motion to dismiss this case will be DENIED. The parties are directed to file no further motions concerning this order. If they are unhappy with it, they certainly have a right to appeal this order, and add it to the current pending appeal.

The Trustee is directed, unless stayed by an appropriate court, to conclude this bankruptcy case expeditiously, to consummate the approved settlement as written, and to terminate the administration of this case.

Any party aggrieved by this decision shall have 10 days from its entry to appeal. FED. R. BANKR. P. 8002. A separate order will be entered. FED. R. BANKR. P. 9021. Any request for stay pending appeal must be made in the first instance to the bankruptcy court. FED. R. BANKR. P. 8005.

DATED: February 27, 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below
this 27th day of February, 2007, upon:

Wayne Engram
PO Box 13194
Phoenix, AZ 85002
U.S. Mail

Robert J. DuComb, Jr.
5110 North 44th Street, Suite L200
Phoenix, Arizona 85018-1675
Attorney for Samuel N. Engram
Email: rjducomb@cox.net

| | |
|---|---|
| 1 | Barry C. Becker<br>Barry Becker, P.C.<br>2516 N Third St<br>Phoenix, AZ 85004-1308<br>Special Counsel to Trustee<br>U.S. Mail |
| 2 | |
| 3 | |
| 4 | |
| 5 | Adam B. Nach and Allison M. Lauritson<br>Lane & Nach, P.C.<br>2025 North Third Street, Suite 157<br>Phoenix, AZ 85004<br>Attorneys for Trustee<br>Email: adam.nach@azbar.org<br>Email: allison.lauritson@lane-nach.com |
| 6 | |
| 7 | |
| 8 | |
| 9 | The Honorable Ruth H. Hilliard<br>Judge, Maricopa County Superior Court<br>201 West Jefferson<br>Phoenix, AZ 85003<br>Email |
| 10 | |
| 11 | |
| 12 | Madeline Engram<br>Post Office Box 13194<br>Phoenix, AZ 85002<br>U.S. Mail |
| 13 | |
| 14 | Susie Engram<br>Post Office Box 13194<br>Phoenix, AZ 85002<br>U.S. Mail |
| 15 | |
| 16 | |
| 17 | Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706<br>U.S. Mail |
| 18 | |

By /s/  M. B. Thompson
      Judicial Assistant