**FILED**

AUG 1 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 7 |
| WAYNE ENGRAM, ) | No. 2-05-bk-24758-JMM |
| Debtor. ) | **MEMORANDUM DECISION RE: CONTEMPT SANCTIONS** |

On June 28, 2007, the court heard the matter of "Trustee's Motion to Set Aside Order Approving Settlement and Notice of Intent to Abandon All Exempt Assets." The Chapter 7 Trustee was represented by Attorney Adam Nach. Also present, and arguing in opposition, was Samuel Engram and his Attorney, Robert J. DuComb, Jr. Wayne Engram ("the Debtor"), joined in the Trustee's motion, and appeared by telephone.

At the hearing the court considered the following matters:

A.. Trustee's motion to set aside the court's January 22, 2007 Order;

B. Trustee's motion to abandon property of the estate;

C. Contempt sanctions against Mr. DuComb.

Separate orders have already been entered denying Trustee's motion to set aside the settlement order, and denying Trustee's motion to abandon the Debtor's interest in the 2005 lawsuit and granting Trustee's motion to abandon the Debtor's interest in the 2006 lawsuit. Therefore, this memorandum

-1-

decision will address only Part (C), above – contempt sanctions against Mr. DuComb.

After considering the pleadings, argument, the entire record, and posture of this case, and for the reasons set forth below, the court finds Mr. DuComb in civil contempt and orders him to pay the sum of $2,500 to the Clerk of Court for his continuing, willful failure to comply with a court order. This memorandum constitutes the court's findings of fact and conclusions of law.

## FACTS AND PROCEDURAL BACKGROUND

This voluntary case was commenced as of October 14, 2005, by a pro se debtor. It had been converted to a chapter 7 case from a chapter 13 case, because the Debtor was unable to confirm a plan. A chapter 7 Trustee was appointed.

Among the scheduled assets was a then pending quiet title action in Maricopa County Superior Court, case number CV2005-013966. The action, involving several relatives, was basically a dispute between the Debtor as plaintiff and his brother, Samuel Engram, the defendant and counter-claimant, over certain real property in which the Debtor claimed an interest. Samuel Engram was represented in the state court action by Attorney Robert J. DuComb, Jr.

After the Trustee determined that the claim was nonexempt and could generate funds for the estate, he noticed a claims bar date of November 27, 2006. Only one unsecured proof of claim was filed at that time.

Trustee also obtained court approval to employ Special Counsel Barry Becker to represent the Trustee with respect to the state court litigation. Thereafter, settlement negotiations occurred in the Superior Court case, and a global agreement was reached on November 10, 2006. The Debtor, although not required to, also signed the settlement agreement. The parties agreed that the bankruptcy court would need to approve the settlement agreement.

Mr. DuComb signed on behalf of Samuel Engram. According to the terms of the settlement agreement, a quitclaim deed would be executed by the other parties in favor of Samuel and Julia

-2-

Engram. As consideration therefor, the settlement agreement provided, in pertinent part:

> 3. That Samuel and Julia Engram will pay $5,000 to the bankruptcy trustee on behalf of the bankruptcy estate of Wayne Engram . . . .

Agreement Between the Parties Pursuant to Arizona Rules of Civil Procedure, Rule 80(d) (November 10, 2006), at 2.

Previously, the Debtor had received his discharge on August 30, 2006. And, in the meantime, the Debtor filed a second, post-petition civil action against Samuel Engram in Maricopa Superior Court, case number CV2006-014754. This action was not revealed in his bankruptcy schedules, nor were the schedules supplemented, and the Trustee only learned about the second suit on February 11, 2007.

The Trustee presented the settlement agreement, concerning the first action, to the bankruptcy court at a January 18, 2007 hearing, but written objections had been filed, including an objection by the Debtor, who had earlier personally signed the settlement agreement. The Debtor was having second thoughts about the $5,000 being a sufficient consideration, and also orally moved to dismiss his case.

Mr. DuComb appeared at the January 18th hearing on behalf of Samuel Engram. He argued for enforcement of the settlement and denial of the oral motion to dismiss. Mr. DuComb also stated that the $5,000 had been placed into his client trust account:

> Since we entered into this settlement I just wanted to say that the - - Mr. Engram has deposited in my trust account the funds that he agreed to pay out as part of this settlement. . . . .

Transcript of Hearing (January 18, 2007), at 4:6-9.

Mr. DuComb urged the court to make a prompt decision because the settlement agreement would have to be enforced in Superior Court. Id. at lines 16-23.

On January 19, 2007, the court issued its Memorandum Decision and Order overruling the Debtor's objection and denying without prejudice his oral motion to dismiss the chapter 7 case. Noting that the lawsuit was listed in Debtor's schedules, the bankruptcy court overruled his

-3-

objection, stating:

> [W]hat is clear is that the estate has the opportunity to collect money instead of spending it in a long, expensive, and unpredictable legal battle.
> This estate is on the verge of being closed, after having been in bankruptcy court for well over one year. The period for filing claims has passed, with only one claim having been filed. The Debtor has received his discharge and the fresh start which the bankruptcy laws provide him. There is no further need to burden this estate with the Debtor's desire to continue with litigation with other family members which can now be settled for enough to pay the filed claim, as well as the administrative expenses caused by the Debtor's voluntary filing for bankruptcy relief.
>
> Accordingly, the Debtor's objection will also be overruled.

Memorandum Decision (January 19, 2007), at 2.

On January 22, 2007, the bankruptcy court issued its "Order Approving Trustee's Stipulated Application to Compromise Claim and Compensate Special Counsel." (DN 57).

The order stated, in pertinent part:

> THE COURT FINDS that the settlement is in the best interest of the Estate, that the settlement has been duly noticed, and all other requirements of Bankruptcy Rule 9019 having been satisfied;
>
> IT IS HEREBY ORDERED approving the Stipulated Application and authorizing S. William Manera, Trustee, to accept the sum of $5,000.00 ("Settlement Sum") as full and complete settlement of the Estate's interest in the state court litigation, case no. CV2005-013966 ("Lawsuit").
>
> **IT IS FURTHER ORDERED directing Defendants to remit the Settlement Sum to the Trustee.**

Order (January 22, 2007), at 1 (emphasis supplied).

Unbeknownst to the court and notwithstanding this order, Mr. DuComb did not remit the $5,000, which was held in his client trust account, to the Trustee, at that time. He did not remit the payment until many other events had ensued, both in the state and bankruptcy courts, which are recounted as follows.

The Debtor appealed the January 22, 2007 Order to the Bankruptcy Appellate Panel, where it is now pending.

With the settlement order in hand, on January 22, 2007, Samuel Engram filed his "Motion to Enter Judgment and to Enforce the Settlement Agreement" in the Superior Court. On February

-4-

20, 2007, Samuel Engram obtained a Judgment finding that the Debtor and others never held any ownership interest in the real estate, ordering a quitclaim deed to be delivered to Samuel Engram, and approving and confirming the settlement agreement, which the Superior Court recognized as having been approved by the bankruptcy court. The Debtor has appealed that Judgment as well, to the Arizona Court of Appeals. That appeal is also pending.

Meanwhile, on February 2, 2007, the Debtor and the Trustee filed a "Stipulated Motion to Dismiss Case and Rescind Discharge." Mr. DuComb filed an objection on behalf of Samuel Engram and urged the court to deny the motion based on the Debtor's alleged bad faith and the adverse impact upon the settlement agreement and state court Judgment, were the court to dismiss the case.

In a written decision, the bankruptcy court denied the motion and expressed its concern for --

> ... the other parties to the state court litigation, who have participated in each stage of the protracted state court litigation, and in the bankruptcy sideshow. Those parties have a right to <u>finality</u> in court decisions, and not being subjected to an ever-changing landscape of arbitrary and unseemly litigation tactics.

Memorandum Decision (February 27, 2007), at 2-3.

The court's February 27, 2007 Order also intended to expedite resolution of the bankruptcy case. In addition to denying the stipulated motion to dismiss, the order stated:

> IT IS FURTHER ORDERED directing the Trustee, unless stayed by an appropriate court, to conclude this bankruptcy case expeditiously, to consummate the approved settlement as written, and to terminate the administration of this case.

Order (February 27, 2007).

Throughout the next several weeks, Samuel Engram's $5,000 check was still not sent to the Trustee.

Then, on April 13, 2007, the Trustee filed a "Notice of Sale" of the Debtor's interest in the <u>second 2006</u> lawsuit, to Samuel Engram, for $1,000. The sale was opposed by the Debtor.

The matter came on for hearing on May 17, 2007. For the first time, the bankruptcy court learned, from the appearing Attorney for the Trustee, Allison Lauritson, that the $5,000 settlement amount had not yet been paid to the Trustee, although four months had passed since the court

-5-

approved the settlement and ordered the payment. See Transcript of Hearing (May 17, 2007), at 3:1-19.

The bankruptcy court refused to proceed with the new "auction" and would not approve a buy-out of the second lawsuit by Samuel Engram for $1,000, when he had not yet met his bargain to pay the $5,000 settlement, which had been approved by both the bankruptcy court and the Superior Court months before. The bankruptcy court was perplexed, and stated:

> [Samuel Engram]'s just sitting back, making offers, not performing. His lawyer's helping him, and I don't get it.

Transcript of Hearing (May 17, 2007), at 8:21-23. The court effectively directed the Trustee to get this matter resolved.

Thus, on May 18, 2007, the Trustee filed a "Motion to Set Aside Order of this Court Approving Settlement and Notice of Intent to Abandon all Exempt Assets." The Trustee stated therein that Samuel Engram had failed to remit the $5,000 settlement sum and thus had failed to comply with the bankruptcy court's January 22, 2007 Order.

Due to the costs and expenses associated with these matters, and in light of the fact that there were no creditors in the case,[1] the Trustee requested the court's approval to abandon the estate's interest in both state court lawsuits.

The motion was opposed by Samuel Engram in a written opposition filed by Mr. DuComb, on June 5, 2007. Mr. DuComb maintained that granting relief would impact at least four proceedings in state court, and that unwinding the settlement agreement would only benefit the Debtor. He reminded the court that the settlement funds could be used to pay the administrative expenses, including the fees of Special Counsel, the Trustee and the Trustee's attorneys.

Addressing the Trustee's charge that Samuel Engram had failed to comply with the court's order to remit the $5,000, Mr. DuComb admitted that Samuel Engram had deposited the funds with

---

[1] On June 5, 2007, Mr. DuComb had filed on behalf of Samuel Engram an untimely proof of claim for breach of settlement damages and attorneys' fees. The deadline for filing proofs of claim was November 27, 2006. This claim will be denied in a separate order.

-6-

counsel on November 11, 2006, shortly after the settlement agreement had been executed, and <u>seven months</u> earlier! Mr. DuComb admitted that the "funds have been available since then and should have been paid to the Trustee before the Motion was filed." Objection to Trustee's Motion (June 5, 2007), at 6:11.

Mr. DuComb stated that his client was not at fault and that the funds would be tendered at the upcoming hearing:

> Although Samuel Engram did not perform his obligation to pay the Settlement Funds before the Motion was filed, he has always confirmed (by undersigned counsel) his willingness to do so. In other words, Samuel Engram has not breached the Settlement Agreement. Any unnecessary delay is attributable to undersigned counsel, not to Samuel Engram. The undersigned counsel will bring his trust account check in full payment of the Settlement Funds to the hearing on the Motion and will turn it over to the Trustee then.

Id. at 7:9-17.

Mr. DuComb further explained that he had delayed remitting the funds because of the two pending appeals by the Debtor of the January 22, 2007 Order and the Superior Court Judgment. He maintained that such delay was "understandable, justified, excusable and without prejudice to the interests of the Trustee or Creditors." Id. at 6:4-6. He stated that the quitclaim deed had not been executed in accordance with the Superior Court Judgment.

The Trustee's motion and the objection were heard on June 28, 2007. Mr. DuComb appeared for Samuel Engram, who was also present. Mr. Nach appeared for the Trustee. The Debtor appeared telephonically.

A discussion took place about the various impacts of setting aside a bankruptcy court order approving a settlement agreement, which order was then relied upon by the Superior Court in dismissing a complaint. Neither of these orders have been stayed, even though they are on appeal.

The court directly asked Mr. DuComb whether his client had instructed him not to pay over the $5,000 to the Trustee. Mr. DuComb responded as follows:

> No, Your Honor. I can't . . . that is not the case. I . . . talked to Ms. Lauritson about trying to get an agreement with her to either have the trustee hold the money in trust, or whatever, so in case one of or both of these appeals was successful, you know, it would be easy to unwind that.

-7-

> She refused to do that, which, you know, certainly was her right to do. I went back to my client. I asked him for . . . you know, told him the risks of paying, and he . . . you know, he gave me permission to do it. So the mistake . . . is mine. . . . I apologize to the Court.
> I . . . don't want to put my client in this situation. He has, you know, spent a lot of money, and I just . . . I got working on other things, and I didn't get to this in as timely a manner as I should have.

Transcript of Hearing (June 28, 2007), at 8:4-18.

In open court, for his willful disobedience of the January 22, 2007 Order, Mr. DuComb was cited for contempt of this court's January 22, 2007 Order, and he was ordered to pay $2,500 to the Clerk of Court.

## CONTEMPT RULING

A bankruptcy court has "inherent civil contempt power to enforce compliance with its lawful judicial orders." 2 Collier on Bankruptcy ¶ 105.04[1][a], at 105-58 (15th ed. rev. 2006); Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1189-90 (9th Cir. 2003).

Such power is authorized by § 105(a) of the Bankruptcy Code, which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a); see also Hansbrough v. Birdsell (In re Hercules Enters., Inc.), 387 F.3d 1024, 1027 (9th Cir. 2004); Caldwell v. Unified Capital Corp. (In re Rainbow Magazine), 77 F.3d 278, 284 (9th Cir. 1996).

The decision to impose civil contempt sanctions rests in the sound discretion of this court. See Dyer, 322 F.3d at 1191; Jerry's Famous Deli, Inc. v. Papanicolaou, 383 F.3d 998, 1002 (9th Cir. 2004). The standard for imposing civil contempt sanctions requires the court to find, upon clear and convincing evidence, that Mr. DuComb violated a specific and definite order of the court. Dyer, 322 F.3d at 1190-91.

Mr. DuComb had notice, from the Trustee's motion, that the court would consider the issue of his noncompliance with a court order for failure to remit the settlement funds, at the June 28, 2007 hearing. He had the opportunity to, and did, present his arguments in opposition to possible sanctions in a written objection to the Trustee's motion. He presented further oral argument at the June 28, 2007 hearing.

The court now finds that, based solely on tactical litigation posturing, and without just cause or excuse, that Mr. DuComb has willfully disobeyed the bankruptcy court's order of January 22, 2007, which required remittance of $5,000 in settlement funds to a bankruptcy trustee. He made the decision unilaterally, without seeking to be excused from the order, thereby placing at undue risk his client's hard-earned settlement and dismissal of state court litigation. The client had no input or responsibility for this unprofessional conduct.

Making matters worse for himself and his client, Mr. DuComb then used the bankruptcy court's settlement order to his client's advantage in Superior Court. He obtained dismissal of the state court action by presenting the settlement order to the Superior Court – without having performed, by payment, the very same settlement order. This action was contemptuous, unprofessional, and unethical.

Attorneys practicing in the federal courts are charged with knowledge of, and conformity to, the Arizona Supreme Court's ethical rules. See L. BANKR. R. 9011-1; see also Lasar v. Ford Motor Co., 399 F.3d 1101, 1109 (9th Cir. 2005) (noting that disqualification of an attorney by the district court may expose the attorney to further sanctions by the state bar); Dye v. Brown (In re AFI Holding, Inc.), 355 B.R 139, 153 n.15 (9th Cir. BAP 2006) (citing In re Snyder, 472 U.S. 634, 645 n.6 (1985)).

Several Arizona Rules of Professional Conduct (Ariz. R. Sup. Ct., Rule 42) were breached by Mr. DuComb's unexcused conduct, to wit:

- ER 1.2:- "A lawyer shall abide by a client's decision whether to settle a matter."

Case 2:05-bk-24758-JMM    Doc 105    Filed 08/01/07    Entered 08/01/07 11:09:04    Desc
Main Document    Page 9 of 11

- ER 1.3: "A lawyer shall act with reasonable diligence and promptness in representing a client."

- ER 1.4 : requiring ongoing communication with client.

- ER 1.15: requiring in regards to client trust funds that "a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive."

- ER 3.2: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

- ER 3.3: requiring "Candor Toward the Tribunal."

- ER 3.4: requiring "Fairness to Opposing Party and Counsel"

Because of counsel DuComb's willful contempt of this court's January 22, 2007 Order, this court finds him to be in contempt, and will require him to pay $2,500 as a sanction to the Clerk of Court [2] for deposit into the U.S. Treasury. In addition, a copy of this Memorandum Decision will be sent to the Arizona State Bar for such disciplinary action as it may deem appropriate.

A separate order will be entered. FED. R. BANKR. P. 9021.

DATED: August \_\_1\_\_, 2007.

_____
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

---

[2] The check shall be made payable to" "Clerk, U.S. Bankruptcy Court."

-10-

COPIES served as indicated below this _____ day
of _____, 2007, upon:

Wayne Engram
P.O. Box 13194
Phoenix, AZ 85002
Pro Se Debtor
U.S. Mail

Robert J. DuComb, Jr., Esq.
5110 North 44th St., Suite L200
Phoenix, AZ 85018-1675
Attorney for Samuel Engram
U.S. Mail

Adam Nach, Esq.
Allison M. Lauritson, Esq.
Lane & Nach, P.C.
2025 N. Third St., Ste. 157
Phoenix, AZ 85004 - 1425
Attorney for Trustee
email: adam.nach@azbar.org
email: allison.lauritson@lane-nach.com

Barry Becker, Esq.
Barry Becker, P.C.
2516 N. Third St.
Phoenix, AZ 85004
Special Counsel
U.S. Mail

Office of the United States Trustee
230 North First Ave., Ste. 204
Phoenix, AZ 85003-1706
U.S. Mail

State Bar of Arizona
4201 North 24th St., Ste. 200
Phoenix, AZ 85016-6288
Attn: Pat Sallen, Ethics Counsel
U.S. Mail


By _____

-11-